UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AL MOSHIR,

                        Plaintiff,

             -against-

JOHN/JANE DOE, et al.,

                        Defendants.

23-CV-6242 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff proceeds *pro se* in this action, which is one of nearly two dozen actions that he has filed in the past few months. The complaint is largely illegible, and it is unclear who Plaintiff intends to sue or what claims he wishes to assert. By order dated July 20, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal

theory.") (internal quotation marks and citation omitted). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ.

P. 12(h)(3).

## BACKGROUND

Plaintiff's complaint is handwritten, and he has scribbled illegibly in the margins of the

top, bottom, and sides of the form complaint. In response to a question about the basis for his

suit, Plaintiff writes:

> Federal question + (And) As; International criminal court(s) (+) International
> Court of Justices(') Case(s) in matters of involving: "IGPP USA Inc."(s) [and/or]
> Al Moshir('s) of so as through: U.S. Department of Justices of so as with (and)
> through the any court in: U.S.A. [or] any other countrie(s)!

> Have to be: referred to the + concerning the court in USA International: law(s) to
> court(s) + Presidents of! As well as the: U.S. Attorney General + Madam Chief
> Judge Laura Taylor Swaine + New York State Attorney General.

(ECF 1 at 3.)[1] The remainder of the complaint is similarly indecipherable. Plaintiff seeks $100

billion dollars in damages and other relief.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough

facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). A claim is facially plausible if the plaintiff pleads sufficient factual detail to

allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In

reviewing the complaint, the Court must accept all well-pleaded factual allegations as true,

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009, but it need not accept as true "[t]hreadbare

recitals of the elements of a cause of action," which are essentially just legal conclusions.

*Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual

---

[1] All spelling and punctuation in quoted material is from the original.

allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Strunk v. U.S. House of Representatives*, 68 Fed. App'x 233, 235 (2d Cir. 2003) (summary order) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988))); *see Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"). "Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted). "It is not the Court's job – nor the opposing party's – to decipher a complaint that is 'so poorly composed as to be functionally illegible.'" *Ghosh v. N.Y.C. Hous. Auth.*, No. 21-CV-6139, 2023 WL 3612553, at *6 (S.D.N.Y. Feb. 27, 2023) (quoting *Avramham v. N.Y.*, No. 20-CV-4441, 2020 WL 4001628, at *2 (S.D.N.Y. July 15, 2020)).

A complaint that fails to comply with Rule 8 may be dismissed. *See Da Costa v. Marcucilli*, 675 Fed. App'x 15, 17 (2d Cir. 2017) (summary order) (dismissing a complaint because it was convoluted, repetitive and difficult to understand); *Anduze v. City of New York*, No. 21-CV-519, 2021 WL 795472, at *2 (S.D.N.Y. Feb. 26, 2021) (dismissing a complaint as incomprehensible because it was illegible and the legible portions were incomprehensible, such that "the [c]ourt is unable to properly evaluate the full nature and extent of [the] [p]laintiff's

claims"); *Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (stating that the policy requiring courts to liberally construe *pro se* complaints "does not mandate that a court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable").

Here, even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's complaint does not provide information about who he intends to sue or why. He does not include facts about what happened or why he is entitled to the relief that he seeks. Plaintiff's complaint thus fails to comply with Rule 8 and does not state a claim on which relief can be granted.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint gives no indication that the defects can be cured with an amendment. Moreover, because this action appears to be part of a pattern of filing repetitious and non-meritorious suits, the Court declines to grant Plaintiff leave to amend.

## LITIGATION HISTORY

Plaintiff has brought at least 18 actions in the past four months, including several actions that have already been dismissed. *See, e.g.*, *Moshir v. Independent and Globalist Political Party of United States of America Inc.*, ECF 1:23-CV-5429, 4 (S.D.N.Y. July 27, 2023) (dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)); *Moshir v. New York Legal Assistance Group*, ECF 1:23-CV-6710, 4 (S.D.N.Y. Aug. 28, 2023) (complaint dismissed for failure to state a claim, with leave to replead); *Moshir v. NYPD*, ECF 1:23-CV-7414, 3 (S.D.N.Y. Sept. 27, 2023) (dismissed for failure to pay filing fees or submit IFP application). In many of the cases that remain pending, Plaintiff has not paid the filing fees or submitted an IFP application, even though he has been notified in several of his cases of the filing fee requirement. *See, e.g.*, *Moshir v. Any And All*

*Party(s)*, 1:23-CV-07778, 3 (S.D.N.Y. Sept. 5, 2023) (order directing payment of filing fees or IFP application); *Moshir v. Lezama*, 1:23-C-07831, 3 (S.D.N.Y. Sept. 15, 2023) (same); *Moshir v. The Perpetrator (T-Mobile Employee)*, ECF 1:23-CV-07914, 3 (S.D.N.Y. Sept. 7, 2023) (same).

Accordingly, Plaintiff is warned that further vexatious or frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions IFP unless he receives prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint is dismissed for failure to state a claim on which relief can be granted and as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Plaintiff is warned that further vexatious or frivolous litigation in this Court may result in an order barring Plaintiff from filing new actions IFP unless he receives prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   October 10, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge